## IN RE ASSESSMENT OF TAXES, ESTATE OF A. A. CARNIOT.

APPEAL FROM TAX APPEAL COURT, HONOLULU.

SUBMITTED DECEMBER 2, 1901.    DECIDED DECEMBER 7, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The valuation of certain property fixed, upon the evidence, at $10,000.

OPINION OF THE COURT BY PERRY, J.

The property involved in this appeal consists of a piece of land situate on the corner of King and River streets and extending to Hotel street, in this city, the frontage on King street being 70 feet and on River street 50 feet. The other dimensions do not appear in evidence. The area is 8,712 square feet. The lot was on January 1, 1901, the date of the assessment, vacant and entirely unimproved. The value returned by the tax-payer was $5,000, that placed by the assessor $15,000 and that fixed by the Tax Appeal Court $7,500. From that decision the assessor appeals to this court.

A portion of the land in question, with a frontage of 20 feet on King street and being about one third the whole area is subject to a lease executed in 1900, the rent reserved being $30 per month. The remainder of the land is under a lease executed in 1888 and having about 15 years to run, at a rental of $35 per month. The portion first mentioned, testified to by one witness as being the most valuable of the whole, was, prior to the present lease, rented at $12 per month. The new rate, $30 per

month, was the highest bid at public auction.  The Tax Appeal Court was of the opinion that the whole land, unincumbered, was of the value of $15,000 but held that only the interest of the Carniot Estate was taxable in this case and that that interest was, under the eight year rental rule, worth $6,240, and, as the return had been amended to $7,500, sustained the appeal of the Estate.  (The record does not otherwise show that the return was so amended, but we assume the fact to be as stated in the decision appealed from.)

The return in this case is of the property as a whole, without mention of leases.  Following the decision in the case entitled, "In re Assessment of Taxes, Emily K. Mehrten, *ante* p. 677, the value to be now ascertained is that of the whole property, including both the lessees' and the lessor's interests.  The only evidence adduced by the assessor in support of the valuation of $15,000 is that an adjoining piece of land, not a corner lot, was returned and accepted at $1.50 per square foot, and that another lot, makai of King street, not on a corner, was returned and accepted at $2.00 per square foot.  The assessment in the case at bar was at the rate of $1.72 per square foot.  In this instance, we think that the rent which the land yields or is capable of yielding is a safer guide as to its value than the returns and assessments of neighboring property.  There is no reason for believing that the true, present rental value of the one third of the land referred to above is any greater than indicated by the rent, $30 per month, actually received, for that rate was fixed at public auction very recently.  At this rate, the rental value of the whole, assuming it all to be as well situated and equally desirable in other respects, would be $90 per month.  The rent received being $65 per month, to apply the eight year rental rule to the whole property would be manifestly unfair and unjust.  Under all the circumstances, we fix the valuation at $10,000.

*Robertson & Wilder* for the assessor.

*Cecil Brown* for the tax-payer.